**In the Federal District Court for the Eastern District of Arkansas**
**Eastern Division**

Kenneth Purvis                                                                                    **Plaintiff**

versus                          Cause No. 2:14 cv 88 JM   Jury Trial Demanded

Helena Marine Service, Inc.                                                           **Defendant**

### Seaman's Original Complaint and Jury Demand

Plaintiff, Kenneth Purvis sues Defendant, Helena Marine Service, Inc., for damages

and alleges as follows:

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 6 2014

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

### General Allegations

1.      Jurisdiction is proper in this federal court as to each of Plaintiff, Kenneth Purvis'

claims pursuant to 28 U.S.C. § 1333 ("savings to suitors") and Rule 9(h) because Plaintiff is

an American seaman bringing: (i) a negligence claim under the Jones Act, 46 U.S.C. § 30104,

against his employer Defendant, Helena Marine Service, Inc., (ii) an unseaworthiness claim

under the general maritime law of the United States against the owner/operator of the

*David Solomon*, Defendant, Helena Marine Service, Inc., and (iii) a claim under the general

maritime law of the United States against his employer Defendant Helena Marine Service,

Inc. for failure to pay maintenance and cure.

2.      Plaintiff is Kenneth Purvis, an American seaman and an individual residing in the

State of Arkansas. (Hereinafter, Plaintiff Kenneth Purvis is referred to as either "Plaintiff" or

"Purvis").

This case assigned to District Judge Moody
and to Magistrate Judge Deere.

3.     Defendant Helena Marine Service, Inc. is a corporation organized and existing under

the laws of Arkansas and doing business at or near 106 Walden Landing, Helena, Arkansas

within the Eastern District of Arkansas, and may be served in this state through its

registered agent James E. Walden at 309 Elm Street, Helena Arkansas 72342.  (Hereinafter,

Defendant Helena Marine Service, Inc. is referred to as either "Defendant" or "Helena

Marine").

4.     Helena Marine is the owner and/or operator of a fleet of vessels having regular

routes between ports along the Mississippi river including its primary ports in the City of

Helena, located within the Eastern District of Arkansas.   At all relevant times, Helena

Marine Service, Inc.'s fleet included the *David Solomon* and similar tugs such as the *Big

Daddy* and *Jim Walden*.

5.     Personal jurisdiction is proper over Helena Marine because it may be served in

Arkansas and because it has sufficient minimum contacts within the forum state such that

this Court's exercise of jurisdiction would comport with traditional notions of fair play and

substantial justice; because Helena Marine keeps its principle place of business in Helena,

Arkansas, and can fairly be regarded at home in the State of Arkansas; and because the

tortious conduct of the Helena Marine giving rise to this action occurred in Arkansas or

within the territorial waters of Arkansas.

6.     Upon the facts stated in the preceding paragraph, venue is also proper in the Eastern

District of Arkansas pursuant to 28 U.S.C. § 1391.

7.      At all material times Purvis was an able-bodied seaman employed by Helena Marine

assigned to work on the *David Solomon*, a vessel owned and operated by Helena Marine.

8.      As more fully set forth below, on December 3, 2013, while the *David Solomon* was

operating near the City of Helena, plaintiff, in the course of his employment and pursuant

to orders to perform all of his customary deckhand duties unassisted without aid of a

second deckhand, sustained serious and permanent injuries to his low back while toting

heavy rigging materials (lines and rachets) by himself.

## Allegations of Fault

9.      When Plaintiff reported for duty on December 3, 2013, he discovered that his usual

co-deckhand was assigned to another tugboat.  Based on information and belief, this

decision was made for profit, so that the company could capitalize on the increased

industry demands for the day.  This decision left Purvis as the sole "crewmember" of the

*David Solomon*.

10.     Shorthanded, Purvis' daily job duties were doubled.  Many of his regular tasks

involved lifting heavy items in such a manner that demanded at least two employees, or

required that two deckhands to be handling different tasks at the same time in different

places on the vessel or the barges being managed.  For example, on December 3, 2014, when

the generator on *David Solomon* failed in the same manner that the generator had been

reported to fail in the past, Purvis was securing lines on the barge, and was required to

traverse the long barge to return to the tug to fix its generator.

11.    While continuing his perform his work on the *David Solomon*, Purvis was expected to undertake deckhand duties associated with "pulling the barges" which included carrying heavy rigging materials up the tug's stairs without assistance of any mechanical device or his co-deckhand.   When Purvis recognized the onset of lower back pain while performing these activities he immediately reported the injury to his supervisor, Terry Ferbee. However, Ferbee failed to immediately remove Purvis from the job at that time.

12.    When return to the dock and while securing the *David Solomon*, Purvis experienced sudden debilitating shooting pain in his low back when he moved to secure the rigging around the cavil.  Purvis again reported his injury to Mr. Ferbee.  However, Mr. Ferbee failed arrange that Purvis receive medical attention until the following day.

13.    Mr. Ferbee and others acting on Helena Marine's behalf directed Purvis only to see company-approved doctors and refused to pay for evaluations performed by Purvis' own doctor.

14.    On March 27, 2014, Ferbee asked Purvis to appear at the company office.  Ferbee told Purvis that he was terminated because he was not physically fit for the job.

15.    Before terminating Purvis and cutting off his maintenance and cure benefits, Helena Marine failed to provide sufficient medical attention to correctly evaluate his work-related injury.

### Count 1: Jones Act Negligence

Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 15, above.

16.     Purvis brings this negligence action against his employer, Helena Marine, pursuant

to the Jones Act, 46 U.S.C. § 30104.

17.     At all relevant times, Helena Marine was guilty of negligent or wrongful acts or

omissions, including, but not limited to, the following:

      a.  failing to use ordinary care in the exercise of its rights of control and
supervision.

      b.  Failing to crew the vessel with sufficient manpower to fulfill the intended
purpose of the vessel.

      c.  failing to provide Purvis with a safe place in which to work, including,
without limitation, failing to provide safe: apparel, equipment, lines, rafts,
knots, appliances, appurtenances, tackle, gear, tools, work methods, training,
direct orders, standing orders or procedures;

      d.  failing to use reasonable care under the circumstances to have the *David
Solomon*'s hull, hardware, machinery, generators, apparel, equipment, lines,
rafts, knots, appurtenances, tackle, gear, tools, work methods, training, direct
orders, standing orders procedures and crew in such a seaworthy condition
that Purvis would be able to perform his duties with reasonable safety;

      e.  for violating laws, statutes, regulations and/or industry standards enacted to
promote safety of seamen and of life at sea;

      f.  failing to provide adequate safety measures;

      g.  failing to have adequate maintenance and repair programs that ensured the
seaworthy condition of the hardware, machinery, apparel, equipment, lines,
knots, rafts, fittings, appurtenances, tackle, gear and tools that were involved
in causing the Plaintiff's injuries;

      h.  failing to adequately and regularly inspect hardware, machinery, apparel,
equipment, lines, knots, rafts, fittings, appurtenances, tackle, gear and tools
that were involved in causing the Plaintiff's injuries prior to its use, and
allowing the equipment to fall into such a state of disrepair as to be
unseaworthy;

      i.  allowing dangerous or unsafe work or manner of work;

j.   failing to properly train and supervise its employees;

k.   negligent orders, instructions or suggestions by Plaintiff's supervisors;

l.   failing to make inspections;

m.   failing to give warnings of a known hazard;

n.   failing to comply with industry custom and practices;

o.   failing to have proper safety and medical equipment on board the *David Solomon*;

p.   failing to provide safety rules;

q.   failing to recognize danger and take corrective action; and

r.   failing to perform a job hazard analysis;

18.   As a legal result of the aforesaid negligent acts or wrongful acts or omissions, among others, Helena Marine breached the duty of care it owed to Purvis.

19.   As a legal result of the aforesaid negligent acts or wrongful acts or omissions, Purvis has sustained and will continue to sustain serious and grievous physical and emotional injuries.

20.   As a further legal result of the aforesaid negligent acts or wrongful acts or omissions of Helena Marine, Purvis sustained and will continue to sustain damages, including and without limitation, general non-economic damages, special economic damages, medical expenses, life care expenses, emotional distress and pain and suffering, loss of Found, all of which will be established at trial according to proof.

21.   As a further legal result of the aforesaid negligent acts or wrongful acts or omissions of Helena Marine, Purvis lost and will continue to lose wages, earnings, income and

earning capacity, which will be established at trial according to proof.

22.     As a further legal result of the aforesaid negligence and other wrongful acts, Purvis

is entitled to recover prejudgment interest on all damages awarded on this claim

## Count 2:  Unseaworthiness

Plaintiff refers to and by that reference incorporates as though fully set forth herein

each and every allegation contained in paragraphs 1 through 22, above.

23.     The personal injuries sustained were caused by the unseaworthiness of the vessel.

Helena Marine, as owner, operator and manager of the vessel *David Solomon*, has an

absolute and non-delegable duty to provide Purvis with a reasonably safe place to work

and a seaworthy vessel.

24.     At all times herein relevant, Purvis was acting in the service of the *David Solomon*

and Helena Marine, and Purvis was performing duties of the type traditionally performed

by a seaman (and more specifically those duties of a Mississippi River tug boat deckhand).

25.     At the time and place alleged herein, by the provisions of the General Maritime Law

of the United States, Helena Marine and its agents, employees and servants warranted to

Purvis that the *David Solomon*, its decks, gear, equipment, lines, rafts, knots, appurtenances,

tools, crewmembers and work methods were seaworthy and in compliance with applicable

laws, statutes and regulations enacted for the safety of the crew.

26.     Helena Marine breached the warranty of seaworthiness in that the *David Solomon*

was crewed with grossly insufficient manpower.  In fact, Purvis alone *was the crew*, the

vessels' one and only crewmember tasked with undertaking duties traditionally shared by

three deckhands (though regularly shared by only two deckhands on Helena Marine's vessels).

27.     Helena Marine further breached this warranty in that the *David Solomon*, its decks, gear, equipment, lines, rafts, knots, appurtenances, tools, safety equipment, crew members and work methods were neither seaworthy nor in compliance with applicable laws, rules and regulations enacted for the safety of the crew. Further the acts of negligence set forth in the First Count were of such a duration as to become conditions of the *David Solomon* and therefore were further breaches of the warranty of seaworthiness.

28.     As a legal result of the aforesaid unseaworthiness, Purvis has sustained and will continue to sustain serious and grievous physical and emotional injuries.

29.     As a further legal result of the aforesaid unseaworthiness, Purvis has sustained and will continue to sustain damages, including and without limitation, general damages, special damages resulting from medical expenses, life care expenses, emotional distress, and pain and suffering, all of which will be established at trial according to proof.

30.     As a further legal result of the aforesaid unseaworthiness, Purvis lost and will continue to lose wages, earnings, income and earning capacity, which will be established at trial according to proof.

*Punitive Damages for wilfull and wanton breach of warranty of seaworthiness*

31.     The foregoing conditions existed and caused Plaintiff's injury as a result of Helena Marine's wilful and arbitrary or wanton disregard of their obligations under the law of unseaworthiness and the general maritime law. As a result, he is entitled to an award of

punitive damages, including without limitation, general punitive damages and reasonable attorneys' fees and costs against Helena Marine.

32.     As a further legal result of the aforesaid unseaworthiness, Plaintiff is entitled to recover prejudgment interest on all damages awarded on this claim.

## Count 3:  Claim for Maintenance and Cure

Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 32, above.

33.     By reason of the contractual relationship between Plaintiff, as a member of the crew in navigable waters, and Helena Marine, as employer of him, Plaintiff is entitled to recover maintenance and cure for such time as he has been and will be either convalescing from his injuries under medical care or reaching his maximum improvement.  This suit is therefore maintained for recovery of past due maintenance and cure for which Helena Marine is obligated to Plaintiff.  Helena Marine failed to provide promptly all maintenance and cure owed.  Helena Marine took steps to prevent Plaintiff's independent access to medical care, including insisting that Plaintiff see its own company doctors.

34.     As a legal result of the aforementioned failure of Helena Marine to provide promptly all maintenance and cure owing, Plaintiff's injuries have been worsened thereby entitling him to recover all resulting damages and expenses, including pain and suffering and additional medical expenses as well as attorneys' fees and costs and other consequential special economic and general non-economic damages. Further, as a result of

the aforesaid failure to pay promptly all maintenance and cure owing, Plaintiff has a senior maritime lien against the *David Solomon*.

35.     Helena Marine has failed and refused, and continues to fail and refuse, to provide Plaintiff maintenance and cure.

*Punitive Damages for Delay and Discontinuance of Maintenance and Cure*

36.     Helena Marine has delayed provision of maintenance and cure, causing Plaintiff further damage and injury. This conduct was committed willfully and wantonly. As a legal result, Plaintiff is entitled to recover punitive damages, including without limitation, general punitive damages and reasonable attorneys' fees and costs. For the purposes of the claim herein, recoverable attorneys' fees and costs include all reasonable attorneys' fees and costs expended on this case that are not solely related to the Jones Act and Unseaworthiness claims herein above alleged.

### Jury Demand

37.     Plaintiff hereby demands a jury trial.

### Prayer

38.     Plaintiff Kenneth Purvis prays that Helena Marine be cited to appear and answer herein, that upon final trial and hearing hereof, Plaintiff recover his damages in accordance with the evidence, that he recover costs of Court herein, that he recover attorney fees and interest, both pre-judgment and post-judgment, to which he is entitled under law, and for such other and further relief, general and special, legal and equitable to which he may show himself justly entitled.

Respectfully submitted,

**VB Attorneys**

Brian Beckcom, *pro hac to be filed*
Texas Bar:  24012268
Brian@vbattorneys.com
**Kenneth Fenelon,** *E.D. Ark. member*
Texas Bar: 24059741
Kenneth@vbattorneys.com
6363 Woodway, Suite 400
Houston, Texas 77075
(713) 224-7800
(713) 224-7801

**Attorneys for Kenneth Purvis**